USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/6/08

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
DONALD WHITE,                       :
                                    :
                    Plaintiff,      :
                                    :   07 Civ. 04683 (SHS)(THK)
         -against-                  :
                                    :          ORDER
                                    :
RODRIGUE, Shield 13664, et al.,     :          Pro Se
                                    :
                                    :
                    Defendants.     :
------------------------------------X
```

**THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE**

This prisoner's civil rights action was referred to this Court for general pretrial supervision. Presently before the Court is Plaintiff's Application To Appoint Counsel ("Application").

For the reasons set forth below, the Application is denied.

I. Legal Standard

Civil litigants, unlike criminal defendants, do not have a constitutional right to the appointment of counsel. See Gardner v. New York, No. 04 Civ. 4675 (LTS) (DF), 2005 WL 696953, at *1 (S.D.N.Y. Mar. 24, 2005); Mackey v. DiCaprio, 312 F. Supp. 2d 580, 581 (S.D.N.Y. 2004). However, under 28 U.S.C. § 1915(e)(1), a court may appoint pro bono counsel to represent plaintiffs in civil cases. In this Circuit, "[d]istrict courts exercise substantial discretion in deciding whether to appoint counsel . . . ." Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 203

(2d Cir. 2003). In deciding whether to appoint counsel, "the district judge should first determine whether the indigent [plaintiff]'s position seems likely to be of substance." Id. (citing Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986)); see also Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994) ("[T]he threshold requirement in considering a request for appointment of counsel [is] the likelihood of success on the merits of the claim.") (citing Hodge, 802 F.2d at 60-61). If this threshold requirement is met, a court "should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues, and any special reason in that case why appointment of counsel would be more likely to lead to a just determination." Wenger v. Canastota Cent. Sch. Dist., 146 F.3d 123, 125 (2d Cir. 1998) (citing Hodge, 802 F.2d at 61-62).

II. Application

Applying these factors to Plaintiff's Amended Complaint, the Court concludes that this action does not merit the appointment of counsel at this time. In his Amended Complaint, Plaintiff alleges that, while he was incarcerated at Riker's Island, there

was a major incident between numerous prisoners and correctional officers. Plaintiff alleges that after the incident, he was punched, hit with a phone and stick, and kicked in the face - all while handcuffed. Nevertheless, at some point after the incident, Plaintiff pled guilty to assaulting one of the officers and was sentenced to an additional five months of incarceration.

Considering Plaintiff's Application under the Hodge factors, Plaintiff's request for appointment of counsel is denied at this time. Inasmuch as Plaintiff pled guilty to assaulting an officer, the Court must assume some use of force was necessary, thus placing in doubt the likelihood of success in this case. (This is not intended to suggest that excessive force, if used, was justified.) Moreover, Plaintiff's Amended Complaint sets out the incidents which serve as the basis for his claims, and proceeding pro se, he should be able to obtain evidence relating to his claims using standard discovery devices. Although cross-examination of witnesses may be critical in the case, Plaintiff's pleadings thus far have demonstrated an ability to set forth the facts and circumstances surrounding his claims, indicating that he "'will be able to frame questions to elicit responses pertinent to the prosecution of the action.'" Gardner, 2005 WL 696953, at *2 (citation omitted); see also James v. Phillips, No.

3

05 Civ. 1539 (PKC) (KNF), 2005 WL 2990628, at *2 (S.D.N.Y. Nov. 7, 2005) (denying appointment of counsel in § 1983 action alleging excessive force and inadequate medical treatment where "the care with which plaintiff explained the facts and circumstances surrounding the assault he alleges occurred, and the degree of medical attention he received" indicated that plaintiff could frame appropriate questions to prosecute the action); Peterkin v. C.O. Springs, # 14305, No. 04 Civ. 4656 (SHS) (KNF), 2005 WL 2385847, at *2 (S.D.N.Y. Sept. 27, 2005) (same).

Moreover, Plaintiff has offered no special justification for appointment of counsel. Although he may have some difficulty understanding legal issues, Plaintiff's submissions have been understandable and he has demonstrated diligence in prosecuting his claims. See Mackey, 312 F. Supp. 2d at 580 (denying appointment of counsel in § 1983 action alleging excessive force and malicious prosecution by corrections officers where the only justification offered by plaintiff was a general statement that plaintiff "had no experience in the law," and noting that plaintiff's submissions had been presented with care and diligence). Plaintiff also does not claim that he has made attempts to find representation. Thus, it may still be possible

for Plaintiff to find pro bono counsel by making inquiries on his own. See Allen v. Sakellardis, No. 02 Civ. 4373, 2003 WL 22232902, at *3 (S.D.N.Y. Sep. 29, 2003) (concluding that it remained possible for a § 1983 plaintiff to find an attorney where plaintiff's only efforts consisted of the present application for appointment of counsel).

Thus, having considered the relevant Hodge factors, the Court finds that appointment of counsel is not warranted at this stage in the litigation. If appropriate, the Court will reconsider Plaintiff's request after resolution of dispositive motions.

Accordingly, Plaintiff's Application is denied.

SO ORDERED.

_____<br>
THEODORE H. KATZ<br>
UNITED STATES MAGISTRATE JUDGE

Dated: February 6, 2008
       New York, New York

5

Copies mailed this date to:

Donald White
07-A-0414
Cayuga Correctional Facility
P.O. Box 1186
Moravia, New York 13118

Sarah B. Evans
Brian Francolla
Assistant Corporation Counsel
100 Church Street
New York, NY 10007